UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT LAURER,

    Plaintiff,

v.

FRANK VAN WORMER,

    Defendant.

2:12-CV-0020-LRH-VCF

<u>ORDER</u>

Before the court is defendant Frank Van Wormer's ("Van Wormer") motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. Doc. #12[1]. Plaintiff Robert Laurer ("Laurer") filed an opposition (Doc. #14) to which Van Wormer replied (Doc. #16).

Also before the court are plaintiff's motion for entry of clerk's default (Doc. #9); motion for sanctions (Doc. #15); and motion to show cause (Doc. #20).

I.    **Facts and Procedural History**

This is a declaratory relief action between plaintiff Laurer and defendant Van Wormer as to the title of an airplane that was housed in Las Vegas, Nevada. As an investment, Van Wormer, an eighty-one year old living in southern California, purchased an airplane with the help of an intermediary. The intermediary allegedly had Van Wormer sign several loan and federal aviation

---

[1] Refers to the Court's docket number.

documents before they were completely filled out and then filled in the documents with the intermediary's address and information.

Van Wormer defaulted on the loan and security agreement for the airplane as well as several mechanics' liens that the intermediary had not paid. Subsequently, in April 2004, the bank took possession of the airplane and filed a certificate of repossession with the Federal Aviation Administration but left the plane in the same hangar in Las Vegas.

While the plane was left in Las Vegas, plaintiff Laurer allegedly purchased the airplane from Dan Scanlon ("Scanlon"), a mechanic who worked on the plane and allegedly had a mechanic's lien for work performed. Scanlon transferred his interest in the airplane which he claimed he received from Van Wormer for not paying for the repairs and upkeep. Laurer began to clear the title to the airplane and discovered not only the certificate of possession, but an ownership interest still held by Van Wormer. Subsequently, Laurer filed the underlying declaratory relief action to determine the parties' interest in the airplane and to extinguish any interest in the airplane held by Van Wormer. Doc. #1. Thereafter, Van Wormer filed the present motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue. Doc. #12.

## II.  Discussion

A district court may transfer any civil action to another district where the action may have been brought in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). A court evaluating a motion to transfer venue weighs multiple factors including the parties contacts with the chosen forum, the ease of access to sources of proof and witnesses, and the difference in the cost of litigation between the two districts. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Here, those factors weigh in favor of transferring venue. First, defendant Van Wormer has never lived in Nevada, never conducted business in Nevada, and alleges that the address provided on the FAA and loan documents was the address of the intermediary who was defrauding him.

Second, many of the relevant witnesses to both the declaratory relief action and Van Wormer's defense claims are located in California. Third, the costs of discovery and litigation in both venues is substantially the same. Finally, defendant Van Wormer concedes that both personal jurisdiction and venue are appropriate in the Southern District of California where he resides and where all the relevant FAA and loan documents were signed. *See* 28 U.S.C. § 1391. Accordingly, the court shall grant Van Wormer's motion and transfer this action.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue (Doc. #12) is GRANTED in accordance with this order. The clerk of court shall TRANSFER this action, 2:12-cv-0020-LRH-VCF, to the United States District Court for the Southern District of California.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (Doc. #9); motion for sanctions (Doc. #15); and motion to show cause (Doc. #20) are DENIED.

IT IS SO ORDERED.

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE